UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RALIK BROOKS,

                       Plaintiff,            <u>MEMORANDUM AND ORDER</u>

    -against-                          CV 14-3107 (LDW) (GRB)

COUNTY OF NASSAU, *et al.*,

                       Defendants.
-------------------------------------------------------X
WEXLER, District Judge

       Plaintiff Ralik Brooks brings this civil rights action against the County of Nassau

("County") and the Nassau County Police Department ("NCPD"), as well as against

named and unnamed Nassau County police officers in their individual and official

capacities, including Detective James Gilroy ("Gilroy") and Detective Robert J.

Lashinsky ("Lashinsky").  Brooks asserts claims for violation of various federal

constitutional rights under 42 U.S.C. §§ 1983, 1985(3) and 1986, and supplemental state

claims under New York law for negligence, intentional torts, and statutory and

constitutional violations.  Before the Court is defendants' motion to dismiss various

claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff

concedes that certain claims should be dismissed but otherwise opposes the motion.


## I.  <u>BACKGROUND</u>

       For purposes of this motion, the allegations of the complaint can be stated as

follows:  On or about May 30, 2013, the defendant police officers, attempting to locate

Brooks, entered his residence without permission, warrant, or exigent circumstances and with their weapons drawn, causing him to fear imminent harm.  Complaint ¶¶ 2, 34.  Upon locating Brooks, one of the defendant police officers unnecessarily sprayed Brooks with pepper spray while jokingly repeating, "Don't resist. Stop resisting."  *Id.* ¶¶ 3, 36.  Brooks did not resist arrest, and he did not threaten to harm or verbally or physically abuse any of the defendant police officers.  *Id.* ¶¶ 37-38.  While Brooks was suffering the effects of the pepper spray, one of the defendant police officers handcuffed him, placed him face down on the floor, and stepped on the back of his neck.  *Id.* ¶ 40.  As that officer restrained Brooks, defendant Gilroy pistol-whipped Brooks in the head, causing him to lose consciousness and suffer physical injuries.  *Id.*  The defendant police officers then searched Brooks' residence without his permission, a search warrant, or any legal cause.  *Id.* ¶ 41.  Defendant Lashinsky then falsely arrested Brooks on charges of resisting arrest, causing Brooks to be wrongfully incarcerated and maliciously prosecuted.  *Id.* ¶ 42.

During and following his arrest, Brooks requested that defendants decontaminate and/or remove the pepper spray from his face and eyes, but they ignored and denied his requests.  *Id.* ¶ 44.  Thereafter, defendants denied Brooks reasonable and necessary medical care and an opportunity to shower the chemicals off for three days, causing him to suffer additional physical, psychological, and emotional injuries and deprivation and violation of his civil rights.  *Id.*

Brooks alleges that the defendant police officers and their supervisors lied, submitted false statements, and purposefully failed to investigate the incident, all to prevent exposure of the unlawful conduct, and that the County failed to take any corrective action against the defendant police officers.  *Id.* ¶¶ 43, 45.

Brooks asserts four federal claims and eight "pendant state claims."  As for the federal claims, the first claim asserts violation of Brooks' federal constitutional rights under § 1983 by, *inter alia*, false arrest, deliberate indifference to his medical needs, failing to intervene, unlawful search, and excessive force.  *Id.* ¶¶ 47-72.  The second claim asserts conspiracy to deprive Brooks of his federal constitutional rights and conspiracy to "cover up" the acts of the defendant police officers under §§ 1985(3) and 1986.  *Id.* ¶¶ 73-84.  The third claim asserts municipal liability for the actions alleged in the first and second claims, in that the alleged deprivation of Brooks' constitution rights resulted from "customs, policies, usages, practices, procedures and rules" of the County.  *Id.* ¶¶ 85-97.  The fourth claim asserts a failure to protect based on the defendant police officers' failure to "intervene, mitigate and/or stop the abuses set forth herein at any time during the happening of said incident or thereafter."  *Id.* ¶¶ 98-109.

As for the state claims, Brooks asserts the following eight claims:  (1) "Assault, Battery and Conspiracy, " *id.* ¶¶ 110-118; (2) "Negligent Hiring, Training, Supervision and Retention," *id.* ¶¶ 119-127; (3) "Intentional and Negligent Infliction of Emotional Distress" (*Id.* ¶¶ 128-132); (4) "Negligence," *id.* ¶¶ 133-138; (5) "Failure to Protect," *id.*

¶¶ 139-145; (6) "Violation of New York Constitution and Statutes," by, *inter alia*, use of excessive force, depriving Brooks' of due process, and deliberate indifference to his medical needs, *id.* ¶¶ 146-152; (7) "Failure to Provide Medical Treatment," *id.* ¶¶ 153-158; and (8) "Prima Facie Tort," *id.* ¶¶ 159-162. Regarding the state claims, the complaint further asserts that before filing this action Brooks applied to the New York State Supreme Court for permission to serve a late notice of claim pursuant to New York General Municipal Law ("GML") § 50-e. *Id.* ¶ 107. Ultimately, as Brooks' concedes, the motion was denied. *See* Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, at 6.

Defendants move to dismiss, arguing (1) that any claims against NCPD must be dismissed because NCPD is merely an administrative arm of the County and cannot sue or be sued; (2) that all of the supplemental state claims must be dismissed based on Brooks' failure to comply with the notice of claim requirements of GML §§ 50-e and 50-i; and (3) that the federal conspiracy and failure to protect claims are not sufficiently pled.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Although defendants' bring their motion under FRCP 12(b)(6), a motion to dismiss a supplemental state claim for failure to file a notice of claim is properly asserted under FRCP 12(b)(1) for lack of subject matter jurisdiction. Notably, "[t]he standard for reviewing a [FRCP]12(b)(1) motion to dismiss is essentially identical to the [FRCP]12(b)(6) standard," except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *Taylor v. New York State Office for People with Developmental Disabilities*, No. 1:13–CV–740 (NAM/CFH), 2014 WL 1202587, at *3 (N.D.N.Y. Mar. 14, 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Moreover, the Court "may refer to

evidence outside the pleadings" in deciding a FRCP 12(b)(1) motion. *Makarova*, 201 F.3d at 113.

B. Claims Against NCPD

In response to defendants' motion, Brooks agrees to withdraw all claims against NCPD, as NCPD does not have an identity separate and apart from the County and cannot sue or be sued. *See, e.g.*, *Brown v. Nassau County Police Dep't*, No. 14–CV–00247 (SJF) (ARL), 2014 WL 1401510, at *2 (E.D.N.Y. Apr. 8, 2014) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." (internal quotation marks omitted)). Accordingly, all claims against NCPD are dismissed with prejudice.

C. State Claims Against the County

In response to defendants' argument that Brooks' state claims must be dismissed based on his failure to file a notice of claim, Brooks agrees to withdraw his state negligence claims against the County. Defendants argue, however, that all of Brooks' state claims – not only negligence – must be dismissed based on his failure to comply with the notice of claim requirements. The Court agrees. GML §§ 50-e and 50-i require a plaintiff asserting a state tort claim against the County to file a notice of claim within 90 days after the claim arises. The notice of claim requirement applies not only to Brooks' negligence claims but also to his intentional tort claims and related claims for violation of

state constitutional and statutory provisions. *See L.H. v. County of Livingston*, No. 12–CV–6541, 2013 WL 5656209, at *2 (W.D.N.Y. Oct. 16, 2013); *Candelario v. City of New York*, No. 12 Civ. 1206 (LAP), 2013 WL 1339102, at *10 (S.D.N.Y. Apr. 3, 2013); *Dzwonczyk v. Syracuse City Police Dept.*, 710 F. Supp. 2d 248, 271-72 (N.D.N.Y. 2008); *see also DC3, LLC v. Town of Geneva*, 783 F. Supp. 2d 418, 423 (W.D.N.Y. 2011) ("Section 50-i applies to New York State constitutional claims."); *Jean v. City of New York*, No. 08–CV–00157 (RER), 2009 WL 3459469, at *10 (E.D.N.Y. Oct. 22, 2009) (holding false arrest, false imprisonment, and malicious prosecution claims under New York constitution and common law barred by notice of claim requirement); *Alexander v. City of New York*, No. 02 Civ. 3555 (TPG), 2004 WL 1907432, at *22 (S.D.N.Y. Aug. 25, 2004) ("[T]he New York notice of claim requirement applies both to common law causes of action, and to actions founded upon violations of state constitutional provisions."). Thus, all of Brooks' state claims are dismissed as against the County.

## C. State Claims Against the Individual Defendants

As for the state claims against the defendant police officers, defendants argue that the notice of claim requirement bars these claims, too. It is well settled that the failure to file a notice of claim bars state claims against individual defendants sued in their official capacities. *See Johnson v. County of Nassau*, No. 10–CV–06061 (JFB) (GRB), 2014 WL 4700025, *24 (E.D.N.Y. Sept. 22, 2014); *Delaney v. City of Albany*, No. 1:12–cv–1575

(LEK/RFT), 2014 WL 701637, at *5 (N.D.N.Y. Feb. 24, 2014). Accordingly, Brooks'

state claims are barred as against the individual defendants in their official capacities.

However, as for state claims against an individual defendant in his individual

capacity, " 'service of a notice of claim is not a condition precedent to the commencement

of an action against a county's employees or agents unless the county is required to

indemnify the individual defendants.' " *Olsen v. County of Nassau*, No. CV 05-3623

(ETB), 2008 WL 4838705, at *4 (E.D.N.Y. Nov. 4, 2008) (quoting *Costabile v. County of

Westchester*, 485 F. Supp. 2d 424, 432 (S.D.N.Y. 2007)); *Delaney*, 2014 WL 701637, at

*6. The County's duty to indemnify turns on whether the defendant police officers were

acting within the scope of their employment. *See Delaney*, 2014 WL 701637, at *6;

*Olsen*, 2008 WL 4838705, at *4 (citing *Grasso v. Schenectady County Pub. Library*, 817

N.Y.S.2d 186, 190 (3d Dep't 2006); *Int'l Shared Servs., Inc. v. County of Nassau*, 634

N.Y.S.2d 722, 724 (2d Dep't 1995)). The Court finds that the parties have not adequately

briefed the issue of whether the County has a duty to indemnify the defendant police

officers as to specific state claims. Thus, the motion to dismiss Brooks' state claims

against the individual defendants in their individual capacities is denied at this time.

D.  Conspiracy Claims Under § 1983 and § 1985(3)

As for the conspiracy claims, the parties dispute whether Brooks sufficiently

pleads a conspiracy claim under § 1983 or § 1985(3) (which, as noted below, is the

predicate for § 1986 claim). To state a § 1983 conspiracy claim, a plaintiff must plead:

"(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a § 1985(3) conspiracy claim, a plaintiff must plead:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Moreover, the § 1985(3) conspiracy must "be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.' " *Id.* (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983)). A § 1986 claim is predicated upon a valid § 1985 claim, and lies "against any person who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.' " *Id.* (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y.), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)).

Defendants argue, *inter alia*, that the conspiracy claims are deficient in that Brooks fails to plead a factual basis supporting a "meeting of the minds" of the alleged conspirators, relying instead on conclusory, vague or general allegations. The Court agrees that Brooks' conspiracy claims under § 1983 and § 1985(3) are not sufficient. As

defendants argue, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (internal quotation marks omitted); *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993). Brooks' claims are based on conclusory allegations devoid of factual content suggesting a "meeting of the minds" among or between defendants to violate his civil rights. *See Liang v. City of New York*, No. 10–CV–3089 (ENV) (VVP), 2013 WL 5366394, at *15 (E.D.N.Y. Sept. 24, 2013). Accordingly, the conspiracy claims are dismissed without prejudice.[1]

E. Failure to Protect Claim Under § 1983

As for the failure to protect claim, the parties dispute whether it is sufficiently pled. "A police officer 'has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.' " *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997) (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)). A failure to intervene may be grounds for

---

[1]Based on this determination, the Court need not address defendants' additional argument that the conspiracy claims are barred by the intracorporate conspiracy doctrine and plaintiff's responsive argument that its claims fall within an exception to that doctrine. *See, e.g.*, *Quinn v. Nassau County Police Dept.*, 53 F. Supp. 2d 347, 359-60 (E.D.N.Y. 1999) (noting that "[u]nder the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together," but finding claim falls within the exception that "applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity").

§ 1983 liability. *See id.* "However, an officer may only be held liable if he 'observes or

has reason to know' that an individual's constitutional right has been violated and he had

'a realistic opportunity to prevent the harm from occurring.' " *Garnett v. City of New*

*York*, No. 13–cv–7083–GHW, 2014 WL 3950904, at *13 (S.D.N.Y. Aug. 13, 2014)

(quoting *Andersen v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

Defendants argue that the failure to protect claim is not sufficiently pled because

Brooks does not allege the personal involvement of individual defendants who allegedly

failed to protect him, as required under § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d

Cir. 1994). The Court agrees with defendants that the claim is not sufficiently pled.

Beyond the acts allegedly committed by the named individual defendants, Gilroy and

Lashinsky, in depriving Brooks of his constitutional rights, *see* Complaint ¶¶ 40, 42,

Brooks fails to allege the personal involvement of an individual defendant under

circumstances showing a failure to intervene/protect his constitutional rights from

infringement by other law enforcement officers. Accordingly, the failure to protect claim

is dismissed without prejudice.


III.  CONCLUSION

For the above reasons, defendants' motion to dismiss is granted to the extent that

(1) all claims against the NCPD are dismissed with prejudice; (2) all state law claims

against the County are dismissed with prejudice; (3) all state claims against the individual

defendants in their official capacities are dismissed with prejudice; and (4) the federal conspiracy and failure to protect claims are dismissed without prejudice to the right to amend within 30 days of the date of this Memorandum and Order.

        SO ORDERED.

                       _____/s/_____
                       LEONARD D. WEXLER
                       UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       October 9, 2014